AMERICAN THERMOS BOTTLE CO. v. VACUUM SPECIALTY CO.

(Circuit Court, S. D. New York. May 13, 1909.)

PATENTS (§ 328*)—INFRINGEMENT—DOUBLE-WALLED VESSELS.

The Burger patent, No. 884,567, for a double-walled vessel, the invention consisting of a spacing or stiffening device, introduced between the vertical walls of vacuum insulated vessels and supported in position "wholly by its frictional contact with the walls of the vessel," is not infringed by a device in which spacing blocks are used and held in position by being cemented to one of the walls and which are not compressed between such walls.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On final hearing.

Alfred Wilkinson, for complainant.
Hillary C. Messimer, for defendant.

NOYES, Circuit Judge. This is a suit in equity to restrain the alleged infringement of letters patent No. 884,567 for a double-walled vessel, granted April 14, 1908, to Reinhold Burger, assignor, to the complainant.

The patentee thus states the object of his invention:

"This invention relates to vacuum insulated vessels and has for its object to provide a novel device for spacing the inner and outer portions of the vessel apart at a distance from the mouth of the vessel so that the vessel may be reinforced at such point by the said device and thus reduce the liability of the vessel to become cracked or broken."

The claims alleged to be infringed are as follows:

"1. A vacuum insulated vessel having its inner and outer portions connected at the mouth of the vessel, and a stiffening device interposed between the

---

vertical walls of the inner and outer portions of the vessel for spacing them apart at a distance from the mouth of the vessel; said device being supported in position wholly by its frictional contact with the walls of the vessel.

"2. A vacuum insulated vessel having its inner and outer portions connected at the mouth of the vessel and a stiffening device interposed between the vertical walls of the inner and outer portions of the vessel for spacing them apart at a distance from the mouth of the vessel; said device comprising a plurality of yielding spacing blocks compressed between and supported wholly by their frictional contact with the walls of the said vessel."

These two claims are similar. The only real distinction seems to be that the stiffening device of claim 2 must comprise "a plurality of yielding spacing blocks," while the stiffening device of claim 1 may be of a different construction. Possibly a band of yielding material extending around the bottle would infringe claim 1 and not infringe claim 2.

It is true that claim 2 requires the stiffening device to be "compressed between" the walls of the vessel, and that this requirement does not appear in claim 1; but, according to both claims, the device must be supported "wholly by its frictional contact with the walls of the vessel," and I think that it cannot be supported unless it is compressed between such walls. Moreover, the specifications in different places speak of the yielding blocks being compressed between the vertical walls of the vessel so that they will be held in position by friction only—without any special holding means. In my opinion both claims require the blocks to be compressed between the walls of the bottle so that they can be held in position by friction and by no other means.

Now in the defendant's structure the yielding blocks are cemented to the outer vertical wall of the inner vessel and are intended to be held in position by the cement. Sometimes they touch the inner wall of the outer vessel, but they are not wedged between the walls. When the cement has failed to hold them, they have either fallen, or have remained up between the walls subject to be moved by the slightest touch. Reading the element of compression between the walls into both claims, noninfringement is obvious.

Taking, however, claim 1 as it stands, and reading nothing into it, infringement can only be shown by establishing that a block cemented to one of the walls of a double-walled vessel is yet "supported in position wholly by its frictional contact with the walls of the vessel." And this can only be established by the adoption of the theory that the presence of cement only increases friction—that the addition of a surface of cement merely adds to the frictional adhesion or resistance previously existing between the block and the glass, or, as stated by the complainant's expert:

"In order, however, for the plug to move, it would be necessary for it to overcome the static friction of the cement surface on the glass surface under very high pressure due to the force of adhesion. Thus, even in this case, the factor which prevents the plug from sliding down the side of the bottle is friction. Consequently, whether the plug is compressed between the outer and inner walls of the vessel, or is pressed against either wall by any agency, the factor which prevents displacement along the surface is friction."

This theory may be scientifically correct; but it involves too strained an interpretation of the words "frictional contact" to be adopted in

construing the claims. In language in common use an article cemented to a wall is held in place by the cement, and not by friction. Indeed, were the yielding blocks shown in the drawings of the patent in suit cemented to the inner wall of the vessel, in addition to being compressed between the walls, it would ordinarily be said that "special holding means"—which the patent seeks especially to avoid—were provided.

The patent is found not infringed, and the bill is dismissed, with costs.

A decree may be entered accordingly.